William Roger HEISSNER, Relator,

v.

Judge Don KOONS of the 255th District Court, Dallas County, Texas, Respondent.

No. 05–84–00742–CV.

Court of Appeals of Texas, Dallas.

Sept. 11, 1984.

Paul T. Fanning, Dallas, for relator.

Henry M. Wade, Dist. Atty., Gerald G. Fall, Asst. Dist. Atty., Dallas, for respondent.

Before GUITTARD, C.J., and SPARLING and ROWE, JJ.

*Petition for Writ of Mandamus*

GUITTARD, Chief Justice.

This petition for a writ of mandamus seeks review of an order of the trial judge requiring answers to interrogatories in excess of the number allowed by rule 168(5) of the Texas Rules of Civil Procedure. We conditionally grant the writ on the ground that the trial court had no authority to enlarge the number without a showing that "justice so requires," as provided by the rule.

The proceeding in the trial court is an action brought by the district attorney of Dallas County on behalf of relator's former wife, Christina Heissner, to enforce a foreign child support order under the Uniform Reciprocal Enforcement of Support Act. TEX.FAM.CODE ANN. § 21.01 *et seq.* (Vernon Supp.1984). On May 8, 1984, relator William Roger Heissner was served with sixty interrogatories, many of which contain subdivisions requiring multiple answers.[1] After serving the interrogatories,

---

1. Among the more detailed interrogatories is the following:

INTERROGATORY NO. 10

Do you know of any person who has any personal knowledge whatsoever of any factual matter or matters pertaining to this suit? If so?

A. Identify each such person:

B. Detail fully and completely each subject matter concerning which each such person has personal knowledge and may testify;

C. Detail fully and completely the substance of the facts to which each such person has personal knowledge and may testify;

D. Detail fully and completely the substance of the opinions to which each such person has revealed to Respondent and may testify;

E. State whether or not each such person has ever personally rendered services for Respondent or legal counsel for Respondent;

F. With respect to each such previous instance where such person has rendered services or testified as to witness for either Respondent or legal counsel for Respondent, please specify:

1. The number, style, court, and location of such prior proceeding,

2. The date such services or testimony was rendered,

3. The nature and extent of such services or the substance of such testimony on each occasion,

4. The sum of money, if any, paid such person for furnishing of such services or the giving of such testimony, and

5. The information sought in (C), (D), (E) and (F) hereof for each such previous instance where such person has testified as a witness;

G. State whether or not you have ever given, loaned, or paid any money or other thing of value to any such person and, if so, the name of the person to whom any such gift, loan, payment, or transfer was made and the complete details of each such gift, loan, or payment, including, but not limited to a description of the item or thing given, loaned, or

the district attorney filed a motion to enlarge the number of interrogatories allowed. As grounds, the motion states only "[t]hat by reason of the allegations made in this suit, to prepare for fair trial on the issue pending before this Court, both this Court and Movant require complete and sworn answers to the pre-trial and discovery matter inquired about in said Interrogatories."

Mr. Heissner responded by written motion objecting to the interrogatories because they require more than thirty answers without a showing of good cause, without agreement of counsel, and without proof of any requirement of justice. The response states that Mr. Heissner had volunteered to appear for deposition in Dallas County and to produce relevant documents for inspection and copying, and prays that the interrogatories be quashed.

On May 18, the court granted the motion to enlarge the number of interrogatories and ordered that all those served be answered by July 10. A record of the hearing on May 18 is before us. At the beginning of this record the judge stated that he had reviewed the file and had made a ruling, but not in the presence of the reporter, and that it appeared from the file that the issue was support of the children and the financial condition of the parties. He stated that he had observed that it would be appropriate for both parties to answer the same questions, and, therefore, he was granting the motion to enlarge, denying the protective order sought by Mr. Heissner, and setting July 10 as the date for answering the interrogatories. After thus reciting what had happened before calling in the reporter, the judge announced that counsel for Mr. Heissner would be allowed to make a record of his argument or any other matters he wished to put in the record. On counsel's request, the judge stated that the record would reflect that the court's ruling was made before hearing argument.

In the remarks which followed, counsel for Mr. Heissner explained that although the court had previously granted a similar motion to enlarge the number of interrogatories to be answered by Mrs. Heissner, she was a resident of Florida and had not agreed to come to Texas for oral deposition, and that the district attorney had agreed that she would answer the interrogatories submitted to her. Counsel further stated that Mr. Heissner had offered to give his deposition in Dallas and to produce relevant documents to the district attorney. Counsel argued that under these circumstances granting the motion enlarging the number of interrogatories to be answered by Mr. Heissner would be an abuse of discretion. The judge then announced that he was adhering to his previous ruling.

Apparently the judge concluded that since the issue was the financial condition of both parties and Mrs. Heissner had agreed to answer similar interrogatories, justice required that Mr. Heissner answer the interrogatories served on him. We cannot agree. The consent of one party to an order enlarging the number of interrogatories served on him does not justify enlargement of the number served on the other party. These multiple interrogatories are of the very type that the limitation in rule 168 was designed to prevent. Subdivision 5 of the rule provides:

5. Number of Interrogatories. The number of questions including subsections in a set of interrogatories shall be limited so as not to require more than thirty answers. No more than two sets of interrogatories may be served by a party to any other party, except by agreement or as may be permitted by the court after hearing upon a showing of good cause. The court may, after hearing, reduce or enlarge the number of interrogatories or sets of interrogatories if justice so requires.

We note that although "good cause" is the standard set for allowing more than two

transferred, together with the date, amount, or fair market value; and whether gift, loan, or payment.

sets of interrogatories to be served, the rule further provides that the number of interrogatories, as well as the number of sets of interrogatories, may be reduced or enlarged "if justice so requires." We need not determine whether there is any difference between these standards. In either event, the court is authorized to alter the number fixed by the rule only "after hearing."

■ In the present case, no factual circumstances are stated in the district attorney's motion or at the hearing that would justify enlargement. Mrs. Heissner's agreement to answer a greater number of interrogatories than specified in the rule, possibly to avoid coming to Dallas for an oral deposition, does not justify enlargement of the number of interrogatories to be answered by Mr. Heissner, particularly when he was available in Dallas for his oral deposition. Although the rule does not expressly provide that enlargement of the number is permitted only when no oral deposition is available, we conclude that availability for such a deposition is a matter that should be considered in determining whether justice requires answers to an enlarged number of interrogatories.

■ We are also of the opinion that the court's examination of the file does not afford ground for enlarging the number of interrogatories without a showing of grounds in the motion or at the hearing. If the number of interrogatories may be enlarged on the general grounds alleged here, then the judge may, in effect, always disregard the limitation specified in the rule. We hold, therefore, that enlargement of the number must be based on particular circumstances alleged in the motion and shown at the hearing. Without such a showing, the court is not authorized by rule 168(5) to enlarge the number. The order may be reviewed by mandamus because Mr. Heissner has no adequate remedy by appeal.

We assume that the judge will vacate his order without formal issuance of the writ.

If he should fail to do so, the writ of mandamus will be issued.

Writ conditionally granted.